UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS I. AMSINGER,             ) | |
| )  | |
| Plaintiff,        ) | |
| )  | |
| vs.                             ) | Case No. 4:13CV00281 ERW |
| )  | |
| INTERNAL REVENUE SERVICE,       ) | |
| )  | |
| Defendant.      ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Internal Revenue Service's ("IRS") Motion to Dismiss Plaintiff's Complaint [ECF No. 9].

**I.    BACKGROUND**

On February 14, 2013, Plaintiff Thomas I. Amsinger ("Plaintiff") filed his Complaint against the IRS, requesting the Court to order: 1) the release of his sister-in-law's federal income tax returns; 2) the release of his sister-in-law's state income tax returns; 3) the IRS or the Missouri Department of Revenue to audit a trust; 4) the IRS to create and release an affidavit; and 5) the release "both front and back of related check evidence, if available," that was used by his sister-in-law "when embezzling plaintiff's living trust" [ECF No. 1 at 3].

The IRS subsequently filed the present Motion to Dismiss, pursuant to Federal Civil Procedure Rule 12(b)(1) and (6), on July 19, 2013 [ECF No. 9]. In its Motion, the IRS contends the Court should dismiss Plaintiff's Complaint with prejudice, because: 1) Plaintiff's Complaint states that its requests for release of documents from a federal agency are not Freedom of Information Act ("FOIA") claims, and the FOIA statute, 5 U.S.C. § 552, is the only statute that could waive sovereign immunity for such claims; 2) even if the claims were to be treated as FOIA claims, Plaintiff failed to exhaust his administrative remedies prior to filing suit; 3)

Plaintiff's request that the Court order the IRS to audit a trust is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the IRS has not waived sovereign immunity for such a claim; and 4) the Court cannot order the Missouri Department of Revenue to conduct an audit because the Department is not a party to this suit [ECF Nos. 9, 10].

On August 27, 2013, the IRS filed a Motion to Stay Discovery, requesting the Court to stay discovery, including the Scheduling Conference and deadline for submitting a Joint Proposed Scheduling Plan, until the Court resolved the pending Motion to Dismiss [ECF No. 12]. In this Motion to Stay Discovery, counsel for the IRS stated he had conferred with Plaintiff prior to filing the motion. Counsel informed the Court:

> Amsinger did not specifically consent to the relief requested, nor did he refuse to consent. However, he indicated that his failure to timely respond to the Service's motion to dismiss will likely result in dismissal of his complaint and render the issue of discovery moot.

[ECF No. 12 at 1]. On September 16, the Court vacated a previously scheduled Rule 16 Conference, and noted the conference would be set at a later date, if necessary, upon the Court's ruling on the pending Motion to Dismiss. On that date, the Court ordered Plaintiff to file a Response to the IRS's Motion to Dismiss no later than October 11, 2013 [ECF No. 15].

Upon review of the record in this case on October 17, 2013, the Court found that Plaintiff had failed to file a Response to the IRS's Motion to Dismiss [ECF No. 16]. The Court then issued an Order to Show Cause, ordering Plaintiff to show cause, no later than October 28, 2013, why the IRS's motion should not be granted. Nevertheless, Plaintiff has not filed a Response to the Motion to Dismiss, and has failed to respond to the Court's Order to Show Cause.

**II.      DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to prosecute a claim or comply with a court order.  Fed. R. Civ. P. 41(b).  Unless stated otherwise, such a dismissal operates as an adjudication on the merits.  *Id.*  Because dismissal with prejudice is an extreme sanction, it should be employed only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint.  *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998).  However, the court need not find that the party acted in bad faith, only that he or she acted intentionally as opposed to accidentally or involuntarily.  *Id.*  When exercising its discretionary power to dismiss, the court considers "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court."  *Id.*

The Court is mindful of the liberal pleading practices to be observed for pro se litigants.  However, Plaintiff has committed a series of intentional acts that have made it impossible for the IRS to prepare a defense, delayed the progress of the litigation, and failed to comply with the Court's procedures and orders on two occasions.  The IRS filed a Motion to Dismiss, which Plaintiff ignored.  Plaintiff also failed to respond to the IRS's Motion to Stay Discovery.  Although the Court ordered Plaintiff to show cause, no later than October 28, 2013, why the IRS's Motion to Dismiss should not be granted, Plaintiff again has failed to respond.  Furthermore, Plaintiff's actions, combined with the statement he made when counsel for the IRS conferred with him regarding its Motion to Stay Discovery, suggest that Plaintiff has abandoned

his prosecution, and his statement could be interpreted as a voluntary dismissal.[1] Therefore, the Court will dismiss Plaintiff's Complaint with prejudice, for failure to prosecute his claim and to comply with the Court's Orders..

Additionally, the Court finds that the arguments for dismissal set forth in the IRS's motion are well taken. A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir.

---

[1] The Court notes this action is Plaintiff's seventh lawsuit regarding the Revocable Living Trust and its successor trustee. Plaintiff's previous filings include: *Thomas I. Amsinger v. Internal Revenue Serv.*, No. 08-934 2008 WL 2845603 (E.D. Mo. July 21, 2008)(dismissed without prejudice, for failure to state a claim and because Complaint was legally frivolous); *Thomas I. Amsinger v. Internal Revenue Serv.*, No. 08-1085, 2009 WL 911831(E.D. Mo. April 1, 2009) (summary judgment granted for IRS in FOIA case, because agency proved it had fully discharged its obligations under FOIA; plaintiff dismissed his appeal of the summary judgment grant); *Thomas I. Amsinger v. Internal Revenue Serv.*, No. 409CV2065 CDP (E.D. Mo. April 14, 2010) (dismissed without prejudice, upon plaintiff's motion); *Thomas I. Amsinger v. United States*, 99 Fed.Cl. 254 (2011) (claims founded upon 26 U.S.C § 7623, and tort and implied-in-law contract claims, if any, dismissed without prejudice, for lack of jurisdiction; claims founded upon implied-in-fact contract with United States dismissed with prejudice, for failure to state a claim); *Thomas I. Amsinger v. Comm'r of Internal Revenue*, No. 2185111W (U.S. Tax Ct. April 2, 2012); and *Amsinger v. Muchnick*, No. 12-906, 2013 WL3243379 (E.D. Mo. June 26, 2013) (dismissed with prejudice, for failure to state a claim).

2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

Rule 12(b)(1) provides that a claim may be dismissed for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to a Complaint can be either to the face of the Complaint, or to the factual truthfulness of its allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When a Complaint is facially challenged, courts presume all of the factual allegations concerning jurisdiction are true. *Id.* The motion succeeds if the plaintiff fails to allege a necessary subject-matter jurisdiction element. *Id.*

Plaintiff's first and second requests seek the release of another individual's federal and state income tax returns, his fourth request seeks the creation and release of an "[a]ffidavit that discloses the amount of money embezzled from" a trust, and his fifth request asks for the release of "check evidence"; all of these claims seek the release of documents [ECF No. 1 at 3]. Although the FOIA is the only statute that could waive sovereign immunity for claims seeking to compel a federal agency to release documents, Plaintiff has expressly stated that he "has no remedy under FOIA" [ECF No. 1 at 2]. *See* 5 U.S.C. § 552(a)(3)(A) (granting any person right to request records held by federal agency); 5 U.S.C. § 552(a)(4)(B) (requester may file suit in federal court and obtain injunction ordering production of any agency records improperly held). Nor does Plaintiff allege that he has exhausted his administrative remedies under the FOIA prior to seeking judicial review. *See Widtfeldt v. United States*, No. 12-306, 2013 WL 2149100 at *3 (D. Neb. May 16, 2013).

Moreover, Plaintiff is seeking return information of a taxpayer other than himself, and such information is exempt from disclosure under 5 U.S.C. § 552(b)(3). Section 522(b)(3) states

5

that the FOIA does not apply to matters specifically exempted from disclosure by another statute, and 26 U.S.C. § 6103 states that "returns and return information shall be confidential". 5 U.S.C. § 552(b)(3); 26 U.S.C. § 6103(a). Concerning Plaintiff's request to create and release an affidavit, the IRS is not required to create a document that does not exist in order to satisfy a FOIA request. *See Miller v. United States Dep't of State*, 779 F.2d 1378, 1385 (8th Cir. 1985). Plaintiff's second claim requests that the Court perform an action the Court has no power to do, i.e., enter an Order against a nonparty, the Missouri Department of Revenue. Accordingly, the Court additionally finds that Plaintiff's first, second, fourth, and fifth claims should be dismissed.

Plaintiff's third claim asks the Court to order the IRS or the Missouri Department of Revenue to conduct an audit. As an initial matter, the Court will reiterate the Missouri Department of Revenue is not a party to this matter. Furthermore, this Court lacks subject matter jurisdiction to grant the injunctive relief requested by Plaintiff: "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)(internal quotations and citation omitted). The general rule is that federal courts do not have power to issue declaratory or injunctive judgments in such matters, and Plaintiff has failed to indicate that this case involves any exception. *See* 28 U.S.C. § 2201 (creating remedy in which federal court could declare rights and other legal relations of interested parties in civil actions, but excepting, inter alia, controversies respecting Federal taxes other than actions brought under section 7428 of the Internal Revenue Code); 26 U.S.C. § 7428 (exception for declaratory judgments relating to status and classification of organizations under section 501(c)(3), etc.); *Ginter v. United States*, 815 F.Supp. 1289, 1293 (W.D. Jan. 6, 1993).

Here, Plaintiff is seeking to compel the IRS to conduct an audit of a trust. Whether to conduct an audit or investigation is committed to the discretion of the IRS. *See* 26 U.S.C. § 6001 ("Whenever in the judgment of the Secretary it is necessary, he may require any person . . . to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title."); *Lichtman v. United States*, 316 Fed.Appx. 116, 119 (3rd Cir. 2008) (citation omitted) ("the IRS's decision to investigate or not investigate a particular taxpayer's case is within its discretion"). Courts cannot compel an agency to take action that is committed to the agency's discretion. *See Tech v. United States*, 284 F.R.D. 192, 204-05 (M.D. Pa. 2012) (finding it improper for court to require the IRS to issue administrative summonses because the IRS was not required to do so). The Court finds that Plaintiff's third claim should also be dismissed. In sum, the Court alternatively finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, and that Plaintiff has failed to exhaust his administrative remedies. A dismissal upon these alternative grounds generally is without prejudice. However, the Court's primary bases for dismissal are Plaintiff's failure to prosecute his claim, and his failure to comply with the Court's Orders. Accordingly, Plaintiff's Complaint will be dismissed with prejudice.

**III.   CONCLUSION**

Plaintiff failed to respond to the IRS's Motion to Dismiss, and to its Motion to Stay Discovery. On September 16, 2013, the Court ordered Plaintiff to file a Response to the Motion to Dismiss, no later than October 11, 2013. Plaintiff again failed to respond. When the Court order Plaintiff to show cause, no later than October 28, 2013, why the Motion to Dismiss should not be granted, Plaintiff still failed to respond. Plaintiff has committed a series of intentional acts that have delayed the progress of the litigation, and resulted in a failure to comply with the

Court's procedures and orders on two occasions. Therefore, the Court shall dismiss Plaintiff's Complaint with prejudice, for failure to prosecute his claim and to comply with the Court's Orders.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant IRS's Motion to Dismiss Plaintiff's Complaint [ECF No. 9] is hereby **GRANTED.** Plaintiff's Complaint [ECF No. 1] is **DISMISSED with prejudice.**

Dated this   13th   day of November, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE